## KRIEGER v CASSIS

Ohio Appeals, 6th Dist, Lucas Co

No 2465. Decided Dec 8, 1930

Fritsche, Kruse & Winchester, Toledo, for Krieger.

Rheinfrank, Simmons, Lindecker & Lamb, Toledo, for Cassis.

RICHARDS, J.

Deeds which are introduced in evidence show the existence of the right of way asserted by the plaintiffs. The evidence shows some negotiations between the parties by which it was sought to induce the plaintiffs to relinquish the right of way, but this evidence does not clearly and unequivocally show that the plaintiffs consented to relinquish their rights nor that they are estopped to assert the same. Some evidence was introduced tending to show that Mrs. Krieger nailed shut a gate which extended across the right of way. This, however, is denied by her. Mere failure to use an easement would not divest the parties entitled to use the same of their right so to do, unless such failure continued for the period necessary to create an easement and unless, during all that time, the defendants were claiming adversely.

The title to real estate or an easement over real estate can not be divested by parole evidence unless the evidence is clear and unequivocal. Whoever relies upon an estoppel has the burden of showing that estoppel by clear and unequivocal evidence. **Kroll vs. Close, Admr., 82 Oh St 190.**

It is contended by defendants that a court of equity should not sustain the right of the plaintiffs to the easement because of their delay in asserting their claim and permitting the defendants to commence the erection of a garage extending over the controverted strip.

On July 26, 1930, counsel for plaintiffs wrote a letter to defendant Samuel Cassis, notifying him that if a building should be begun on the five foot strip, the plaintiffs would be compelled to bring an injunction proceeding. The letter also informed the defendant that if the right of way could be cleared up for the entire block they would be glad to co-operate with him. The right of way was not cleared up through the entire block. Excavation for the garage was commenced on July 29, 1930. The petition in this case was filed on the next day. It is true the summons was not served until August 2nd, but it does not appear that plaintiffs are in fault for that delay. After the warning communicated by plaintiffs, the defendants were not justified in proceeding with the construction of the garage.

No estoppel is shown by the degree of evidence required. Judgment and decree for plaintiffs, ordering removal of garage.

Williams and Lloyd, JJ, concur.